Tallman and others *vs.* Varick and others.

Where the lands against which the decree in an original suit is attempted to be enforced have been transferred to persons who were not parties to the original suit, that suit can only be revived by an original bill in the nature of a supplemental bill of revivor ; and is therefore subject to all the defences appertaining to original bills.

The defendants in such a suit have a right to set up, by way of answer, and to insist upon, any defence to the relief prayed for which may exist, in the case.

A bill to carry into execution a decree abated by the death of the defendant therein, is a species of scire facias ; and a court of equity, in such cases, will follow the analogies furnished by the rules of courts of law. Hence if the lands against which the decree is sought to be enforced were conveyed by the defen-

Tallman *v.* Varick.

dant in the decree before the decree was docketed against him, so that it was never a lien upon the lands, the court will not enforce the decree against them.

But the defendants in such bill are bound to interpose and assert their defence by answer; or they will be forever estopped.

IN EQUITY. The object of the bill in this cause was to revive a decree obtained in the court of chancery, in the year 1840, by the American Life Insurance and Trust Company against Abraham Varick and others, in a foreclosure suit, and to have execution for the deficiency remaining due and uncollected, upon a sale of the premises under the decree. The bill alleged that on the 6th of July, 1842, the American Life Insurance and Trust Company made an assignment of all its property and effects, claims and demands, including the bond and mortgage of Varick and the decree obtained thereon, to the plaintiffs, together with one Anthony Barclay, who declined the trust; and that the plaintiffs took upon themselves the execution thereof. That Varick died on the 20th of March, 1842, intestate, and without leaving any personal property; that no administrator had been appointed; and that Richard Varick, Maria A. Varick, and Julia C. Varick were his heirs at law; to whom no lands or premises had descended, to the knowledge of the plaintiffs. That at the time of filing the bill the several defendants were in the possession of certain lands and premises formerly belonging to Varick, on which the said decree was a lien on and after the 23d of December, 1840. And the plaintiffs claimed that they were entitled to the same relief against the defendants as they were against Varick, in his lifetime; and prayed that the suit might be revived, and the decree be carried into effect against the defendants; and that execution might be awarded against the lands and premises for the balance due upon the decree, with interest and costs. The facts set up in the answers of the defendants are stated in the opinion of the court.

*Murray Hoffman & C. P. Kirkland,* for the plaintiffs.

*C. A. Mann, Levi Beardsley, N. Hill, Jun. & H. Denio*, for the defendants.

PRATT, J.   The bill was filed in this cause for the purpose of reviving a decree recovered against Abraham Varick in his lifetime, and of having execution of the same against the lands upon which the decree was alleged to be a lien at the time it was docketed, and which are now in the possession of the defendants.   The defendants by answer insisted that the decree never was a lien upon the lands described in the bill; and stated that they held the lands through a deed of assignment, made for the benefit of creditors, by Abraham Varick, in the year 1838, and some two years before the docketing of the decree in question.   They also set up, in their answer, that the assignees, Charles A. Mann and James Platt, after the docketing of the decree, filed their bill in the court of chancery, against the creditors of Varick, including the complainant in said decree, for the purpose of establishing the trusts in said assignment, and of carrying them into execution under the direction of the court.   And that afterwards, and before the filing of this bill, a decree was made establishing such trusts, and directing the said Mann and Platt to execute the same.   To this answer a general replication was filed.

On the trial the plaintiffs proved the decree in favor of the American Life Insurance and Trust Company, an assignment of the same to the plaintiffs, and that it had been docketed in the county of Oswego where the land is situated, and rested. The defendants proved the assignment to Mann and Platt, the enrolled decree establishing the trusts therein, and that the defendants held under such assignment.

Under this state of facts the plaintiffs' counsel insisted that they were entitled to a decree reviving the original decree without prejudice to the rights of the defendants; that it was not competent for them to set up by way of answer any defence to the bill; that although it was necessary to make them parties, yet that was a mere formality, and a decree against them would not affect their rights; and that if they had any valid objection

to the enforcing of the decree against the lands in their possession, they must wait until an attempt was made to sell the lands, and then defend any action which might be brought to dispossess them.

These propositions were so utterly opposed to the entire principles of equity jurisprudence, that it struck me with surprise to hear them asserted by counsel who have justly attained a high reputation for their extensive knowledge in that department of law; and I apprehended that I must have overlooked some important exceptions to the general rules which obtain in such cases. But after a careful examination of the cases and authorities cited I have found no reason to change my first impressions in relation to the subject.

The bill in this case, if true, shows a very clear case on the part of the plaintiffs for the interposition of the equitable powers of the court, to enable them to obtain the benefit of the original decree, and to enforce the lien which they obtained by docketing the decree against the lands which belonged to Varick at the time of such docketing. And the answers, upon the face of them, would seem to be perfectly fit and proper for putting fairly in issue the defences which the occupants of the lands described in the bill claim to have against enforcing the decree upon these lands. I am unable to perceive any good reason why the defences may not be interposed at this stage of the litigation; nay, why the defendants are not compelled to interpose them now, or be forever barred. The idea that they may set them up hereafter is contrary to the whole genius of equity jurisdiction. It is said to be the constant aim of courts of equity to do complete justice by deciding and settling the rights of all persons interested in the subject matter of the litigation, so that the performance of the decree may be safe for those who are the subjects of its mandate, and that future litigation may be prevented. Hence the maxim, that "Courts of equity delight to do justice, and that not by halves." (*Story's Eq. Pl.* § 72. *Mitf.* 163, 164.) I can see no reason, therefore, why this case should form an exception to the general rule.

The cases cited by the counsel for the plaintiffs were cases

Tallman *v.* Varick.

of bills of revivor simply; and in such cases, as a general rule, the only question that can arise is as to the right of the party to revive. And it was formerly held that an objection to the right to revive could only be taken by plea or demurrer. (2 *Sim.* 465.  5 *Id.* 286.  1 *Hoff. Ch. Pr.* 379, 382.) But the late authorities hold that the objection may be set up in the answer. (*Mitf.* 290.  3 *Dan. Ch. Pr.* 1711.  *Story's Eq. Pl.* 829.) But it is obvious that the defences to a simple bill of revivor are very limited.  This bill is proper only in cases where a suit abates by death, and the interest of the person whose death has caused the abatement is transmitted to that representative which the law gives, or ascertains; thus raising simply a question of character or identity.  (3 *Dan. Ch. Pr.* 1696, 1718.  *Story's Eq. Pl.* 364.)  The defence in such cases, therefore, would only go to the character of the party by or against whom the suit is sought to be revived; and all other matters would be left to be disposed of in the original suit after it had been revived.  But when the interest has been transferred by the act of one of the parties, as in this case by assignment, the suit must be continued by an original bill in the nature of a bill of revivor.  In this case, the lands against which the decree in the original suit is attempted to be enforced having been transferred to persons who were not parties to the original suit, that suit can only be revived by an original bill in the nature of a supplemental bill and bill of revivor; and is therefore subject to all the defences appertaining to original bills. (*Story,* 439.  *Dan. Pr.* 1721, 1723.  2 *Barb. Ch. Pr.* 83.)  Indeed the defendants would not be bound by the decree itself, but would be authorized to attack it.  (*Att'y Gen.* v. *Foster,* 7 *Jurist,* 188;  *S. C.* 2 *Hare,* 81.  13 *Sim.* 282.)  It follows, therefore, that the defendants have a right to set up, by way of answer, and to insist upon, any defence to the relief prayed for which may exist in the case.

There is another view to be taken, equally conclusive against the plaintiffs.  This is a bill for carrying into execution a decree abated by the death of the defendants therein.  It is therefore a species of scire facias.  Indeed formerly it was the practice,

Tallman *v.* Varick.

when a suit abated after the decree was enrolled, to revive it by a subpœna in the nature of a scire facias, upon the return of which the party to whom it was directed might insist that he was not bound by the decree, or show any reason why it should not be enforced against him ; and if he succeeded he was dismissed with costs. (*Story's Eq. Pl.* 366. *Mitf.* 67, 70.) It is a common maxim that equity follows the law ; *equitas sequitur legem ;* (1 *Story's Eq.* 4 ;) that in dealing with cases of an equitable nature courts of equity follow the analogies furnished by the rules of law ; hence the counsel contended on the argument that terretenants in a case of scire facias at law could not plead that the judgment was no lien upon the lands in question, and that they would not be bound by the judgment. Neither of these propositions is tenable. If the judgment is not in fact a lien upon the lands described in the scire facias, or if the terretenants hold by a title anterior to the recovery of the judgment, it should be pleaded to the action. (*Comyn's Dig. pl.* 3, *l.* 14.) So the heirs may plead *riens per descent.* (*Id.* 3, *l.* 13. 4 *Hill*, 24.) And if the terretenants fail to plead, and let judgment pass against them in the action, they are forever estopped. This was expressly adjudged in *Thompson* v. *Hammond*, (1 *Edw. Ch. Rep.* 497.) See also *Whiting* v. *Tenants of Crosby*, (3 *John.* 87 ; 16 *Id.* 579.) If therefore we follow the analogies furnished by the rules and precedents of courts of law, the defendants in this case were bound to interpose and assert their defence at this stage of the litigation, or lose their right to defend.

The lands described in the scire facias having been conveyed by Varick, before the decree was docketed against him, it never was a lien upon these lands, and the decree cannot be enforced against them. No objection was taken to the assignment. It could not under the general replication, be attacked for fraud. Besides, the suit of Mann and Platt would bar the plaintiffs, who hold under the Life Insurance and Trust Company, which was made a party to that suit, from attacking the assignment for such cause. The bill must therefore be dismissed with costs.